IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02077-TPO

ANGELA CZUBATIUK,

    Plaintiff,

v.

DONALD TRUMP,
JOHN C. WILLIAMS, and
NY BANK RESERVE,

    Defendants.

---

## ORDER TO SHOW CAUSE
---

**Timothy P. O'Hara, United States Magistrate Judge.**

Pro se Plaintiff Angela Czubatiuk filed this lawsuit on July 29, 2024 and paid the filing fee on that day. ECF 1. The matter is before the Court on its own action, sua sponte. The Court notes two defects with Plaintiff's case.

    1.    *Plaintiff's Mailing Address.* The Court's mail to Plaintiff at the address she provides in her complaint and has on file with the Clerk of Court is being returned as undeliverable. Maintaining up-to-date and accurate contact information is critical to the litigation process, and the Court's rules for civil procedure require it. *See* D.C.Colo.LCivR 5.1; Fed.R.Civ.P. 11(a). The Court and other litigants must be able to communicate with Plaintiff.

    2.    *Failure to Comply with Rule 8 Pleading Requirements.* The Court liberally construes the pro se complaint, which means that where the Court can reasonably read the

complaint "to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, Plaintiff's complaint does not meet the requirements of a complaint under Rule 8, Federal Rule of Civil Procedure.

A complaint must include a claim on which the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Here, Plaintiff names as Defendants the former President Donald Trump and an individual (John C. Williams) whom she identifies as an officer of the New York Reserve Bank. Plaintiff requests "subpoena – records of account and transfer money here – I have account number & other verification." ECF 1 at p. 5. Plaintiff attaches among other voluminous documents a Department of Defense form in which she identifies herself as an Army General and requests that the Joint Inspector General should "pull money from NY Reserve bank" because "Trump & Biden spent 2 Trillion . . . and they have been laundering money from NY reserve bank —Biden —deleted my file for marine core–I'm under my father Czubatiuk, Victor." *Id*. at 6.

If plaintiff were proceeding *in forma pauperis*, then 28 U.S.C. § 1915(d) would allow the Court to dismiss this case on its own motion sua sponte and without affording Plaintiff an opportunity to correct any deficiencies because Section 1915(e)(2)(B) allows courts to dismiss frivolous claims. A frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that are fanciful, fantastic, or delusional. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Plaintiff's claim falls into this category of a frivolous filing. However, because Plaintiff has paid

the filing fee, sua sponte dismissal instead is based on the Court's inherent authority to dismiss frivolous claims. *Esch v. Carbon Helix LLC*, No. 22-cv-00206-DDD-STV, 2022 WL 18456156, at *3 (quoting *Strege v. Comm'r, SSA*, 848 F. App'x 368, 369 (10th Cir. 2021)).

    3.    *Failure to Serve the Defendants*

As noted above, Plaintiff commenced this civil action on July 29, 2024. The only action she has taken since then occurred on August 8, 2024 when she filed exhibits onto the case docket sheet. However, the docket sheet reflects no effort on her part to serve the Defendants with process. For example, the docket sheet shows that she has not asked the Clerk of Court for summonses, much less has she filed service of process returns.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "if a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own after notice to the plaintiff---<u>must</u> dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added). The Rule 4(m) deadline for Plaintiff to serve the Defendants was October 27, 2024.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing by **December 4, 2024** why this Court should not recommend that this case be dismissed without prejudice as frivolous and for the failure to serve Defendants with process.

It is further ORDERED that by the same above deadline of **December 4, 2024**, Plaintiff shall file with the Clerk of Court a written notice containing her correct mailing address. Should Plaintiff not comply with this requirement, then the Court may recommend that this case be dismissed without prejudice for the failure to comply the Court's procedural rules and this Order.

SO ORDERED.

DATED at Denver, Colorado, this 5th day of November, 2024.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge